# United States District Court

DISTRICT OF __MA__

UNITED STATES OF AMERICA

v.

__Roman Valdma__
Defendant

**AGREEMENT TO FORFEIT PROPERTY**

Case Number: __03-882-MBB__

I/we, the undersigned, acknowledge pursuant to 18 U.S.C.§3142(c)(2)(K) in consideration of the release of the defendant that I/we and my/our personal representatives jointly and severally agree to forfeit to the United States of America the following property:

__137-141 Chiswick Road__
__Boston, MA__

and there has been posted with the court the following indicia of my/our ownership of the property:
__Attorney's certification of title; Broker's opinion of value;__
__Mortgage; Escrow Agreement; Unit Deed (See attached)__

I/we further declare under penalty of perjury that I am/we are the sole owner(s) of the property described above and that the property described above is not subject to any lien, encumbrance, or claim of right or ownership except my/our own, that imposed by this agreement, and those listed below:

__(See attached)__

and that I/we will not alienate, further encumber, or otherwise willfully impair the value of my/our interest in the property.

The conditions of this agreement are that the defendant __Roman Valdma__
(name)

is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing agreement (including any proceedings on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this agreement, then this agreement is to be void, but if the defendant fails to obey or perform any of these conditions, the property described in this agreement shall immediately be forfeited to the United States. Forfeiture under this agreement for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the property is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for forfeiture of the property together with interest and costs, and execution may be issued and the property secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States of America.

This agreement is signed on __8-13-03__ at __Courtroom #24, 7th Floor__
(date)                               (place)

Defendant __/s/ Valdma__   Address __24 Rose Pl, Ap.25, Brighton, MA 02135__

Owner(s)/ _____   Address _____
Obligor(s) _____   Address _____
_____   Address _____

Signed and acknowledged before me on _____
(date)

__/s/ Bx Brown__
(Judicial Officer/Clerk)

Approved: __/s/ Bx Brown__
(Judicial Officer)

# ATTORNEY'S CERTIFICATION OF TITLE

### Boston, Massachusetts

I hereby certify to the mortgagor and the mortgagee, only if required by M.G.L.A. c.93, Section 70, named herein that I have had the title to the hereinafter mentioned real property examined, relying on the records of the Registry of Deeds and the Registry of Probate of **Suffolk** County that, at the time of recording the mortgage, the mortgagor holds good, clear and marketable title of record to the property herein named, free from all encumbrances which would materially affect the title, and excepting only matters which are expressly enumerated therein, and the mortgagee is the holder of a satisfactory third mortgage of record given by **Roman Valdma, Mortgagor,** to the **Clerk of the United States District Court for the District of Massachusetts, Mortgagee,** having an address of One Courthouse Way, United States Courthouse, Boston, Massachusetts, dated **August 12, 2003,** covering premises at **Unit 137-2, 137-141 Chiswick Road, Boston, Massachusetts 02135,** and securing the payment of a security bond in the amount of Fifty Thousand Dollars and 00/100 ($50,000.00), said mortgage being duly recorded by me in **Suffolk Registry of Deeds on August 12, 2003 as Instrument No. 985.**

Liability herein for rendering such certification to the mortgagor shall be limited to the amount of the consideration as shown on the deed and liability for rendering such certification to the mortgagee shall be effective for the benefit of the mortgagor only as long as said mortgagor owns the said premises and for the benefit of the mortgagee only as long as the mortgage is in existence, and excepting the following matters:

1. ANY DEFECTS OR OTHER ENCUMBRANCES WHICH A SURVEY OR PLOT PLAN OF THE PREMISES WOULD REVEAL.

2. MATTERS NOT OF RECORD.

3. PROVISIONS OF BUILDING CODES AND LAWS AND ZONING LAW.

4. ANY STATE, FEDERAL, OR LOCAL LAW OR ORDINANCE OR REGULATION WHICH MAY AFFECT THE USE OR OCCUPANCY OR RENTAL OF THE MORTGAGED PREMISES AND ALL MATTERS PERTAINING TO RENT CONTROL AND HOUSING INSPECTION.

5. **Subject to restrictions, terms, conditions and/or easements as found in the Master Deed dated January 21, 1987 and recorded with the Suffolk County Registry of Deeds in Book 13372, Page 218, as the same may be amended from time to time.**

6. **Subject to the restrictions, terms and conditions as found in the Declaration of Trust in the 137-141 Chiswick Condominium Trust dated January 21, 1987 and recorded with the Suffolk County Registry of Deeds in Book 13372, Page 234, as the same may be amended from time to time.**

7. **Subject to any and all passageway rights, and/or common law party wall rights.**

8. **Subject to a first mortgage to Bay Mortgage Services, Inc. in the original principal amount of $70,000.00 dated November 27, 1996 and recorded with the Suffolk County Registry of Deeds in Book 21039, Page 001; as the same was assigned to Barnett Mortgage Company d/b/a Loan America by Assignment of Mortgage dated November 27, 1996 and recorded with the Suffolk County Registry of Deeds in Book 21039, Page 012; as further assigned to Homeside Lending, Inc. by Assignment of Mortgage dated August 26, 1997 and recorded with the Suffolk County Registry of Deeds in Book 21858, Page 025; as affected by a Corrective Assignment of Mortgage to Homeside Lending, Inc. dated January 15, 1998 and recorded with the Suffolk County Registry of Deeds in Book 22094, Page 244; as further assigned to The Bank of New York, Trustee under the Pooling and Servicing Agreement Series 1997-C dated and recorded with the Suffolk County Registry of Deeds in Book 24620, Page 326.**

9. **Subject to a second open-end mortgage to BankBoston in the original principal amount of $30,000.00 dated April 2, 1999 and recorded with the Suffolk County Registry of Deeds in Book 23636, Page 220.**

This certification is subject to and does not include nor does it cover any matter which might have been disclosed by inquiry, examination, or investigation of the aforesaid enumerated matters.

_____
Butters, Brazilian & Small

2 1 0 3 8 3 4 7

329

Nov 27  11 22 AM '96

## 137-141 CHISWICK CONDOMINIUM

### UNIT DEED

**GRANTOR:** Bernard W. Fabricant of 63 Liberty Avenue, Lexington, Massachusetts 02173

**GRANTEE:** Roman Valdma of Unit 137-2, 137-141 Chiswick Road Boston, Massachusetts

**UNIT:** 137-2  **PERCENTAGE INTEREST:** 6.3%
**AREA:** 1,121 square feet

**UNIT POST OFFICE ADDRESS:** 137-141 Chiswick Road, Unit 137-2 Boston, Massachusetts

**CONSIDERATION:** One Hundred Four Thousand and no/100 ($104,000.00) Dollars

PROPERTY ADDRESS: Unit 137-2, 137-141 Chiswick Road, Boston, MA

    GRANTOR, owner of the UNIT described above in the 137-141 Chiswick Condominium created by Master Deed dated January 21, 1987 and recorded with the Suffolk Registry of Deeds at Book 13372, Page 218, as amended, in accordance with the provisions of G.L. c. 183A grants the UNIT to GRANTEE with QUITCLAIM COVENANTS for the CONSIDERATION stated above.

    The UNIT contains the AREA listed above and is laid out as shown on a plan recorded herewith, which is a copy of a portion of the plans filed with the Master Deed and to which is affixed a verified statement in the form provided for in G.L. c. 183A, Section 9.

    The UNIT is conveyed together with the above listed PERCENTAGE INTEREST (a) in the common areas and facilities of the Condominium, as described in the Master Deed, and (b) in the 137-141 Chiswick Condominium Trust, recorded with said Registry of Deeds at Book 13372, Page 234, as amended.

    The UNIT is to be used only for residential purposes and such other accessory uses permitted by the Boston Zoning Ordinances from time to time and for no other purpose, except as may be expressly permitted by the Trustees in accordance with the provisions of the 137-141 Chiswick Condominium Trust.

21038348    S

The GRANTEE acquires the Unit with the benefit of, and subject to, the provisions of G.L. c. 183A, relating to condominiums, as that statute is written as of the date hereof, the Master Deed and Condominium Trust referred to above and any by-laws and rules and regulations from time to time adopted thereunder, and all matters of record stated or referred to in the Master Deed as completely as if each were fully set forth herein; and subject to real estate taxes attributable to the Unit which are not yet due and payable.

The UNIT is further conveyed with the assignment of the exclusive right to use a portion of the common areas, pursuant to the provisions of Section 7(a) of the said Master Deed, as amended, namely:

**PARKING SPACE NUMBER:**    10 and 11

**GARAGE NUMBER:**    None

For my title see Deed from Robert A. Fabricant dated October 23, 1996 and recorded in the Suffolk Registry of Deeds at Book 20968, Page 266.

**EXECUTED UNDER SEAL THIS** 25th **DAY OF** November, 1996.

_[signature]_
BERNARD W. FABRICANT

COMMONWEALTH OF MASSACHUSETTS

Suffolk , SS.    November 5, 1996

Then personally appeared the above-named Bernard W. Fabricant, as aforesaid, and acknowledged the foregoing instrument to be his free act and deed, before me,

_[signature]_
NOTARY PUBLIC
My Commission Expires: 4/6/01

CANCELLED

# LIBERTY
## REAL ESTATE COMPANY
SALES • RENTALS • INVESTMENTS • MANAGEMENT

Brokers Opinion of value

August 12, 2003

RE:  137 Chiswick Road Unit 2
     Brighton, MA

Attention: John Brazilian

To whom it may concern:

This letter is written as my opinion of value on unit 2 at 137 Chiswick Road, Brighton, MA. This opinion of value is based on my 27 years of knowledge and experience in the Brighton real estate market.

This condominium is a 2 bedroom unit with 2 full bathrooms, well located just off the Commonwealth Avenue T Line in Brighton, MA The unit includes two open air parking spaces in the rear of the building. The approximate square footage of this unit is 1,100 square feet, which is quite large for a two bedroom condominium. The unit is in a very desirable location for re sale to an owner occupant, or re sale for investment purposes, due to it's close proximity to Boston College and Cleveland Circle.

Comparable condominium units in this area range anywhere from $225,000 to $350,000. Fair market value on a unit of this size, in relatively decent condition, in this area of Brighton, with two deeded parking spots should be $296,000. The condominium value is $260,000 and the two parking spots are valued at $36,000 ($18,000 each).

The information provided to me was through others familiar with the unit and information researched on line. Although I was unable to view the interior of the subject unit I have visited the building common areas and visually inspected the exterior for condition and estimate in size. The estimate of value included herein, is a conservative one based on the marketplace for comparable units in this location.

If I can provide any additional information, please do not hesitate to contact me.

Respectfully yours,

Peter Nassif, Broker

223 HARVARD AVENUE • BOSTON • MA • 02134 • (617) 277-3600

SUFFOLK REGISTRY
OF DEEDS

AUG 12 2003

3 H 26 M P M # 985
RECEIVED FOR RECORD

# MORTGAGE

THIS MORTGAGE is made this /2_ day of August, 2003, between Roman Valdma, presently residing at 137-141 Chiswick Road, Unit 137-2, Boston, Massachusetts 02135 (herein "Mortgagor"), and the Clerk of the United States District Court for the District of Massachusetts, United States Courthouse, 1 Courthouse Way, Boston, Massachusetts (herein "Mortgagee").

WITNESSETH, for consideration paid and to secure a personal bond of even date for Roman Valdma (herein "Defendant"), in Criminal No. 03-882-MBB, before the United States District Court for the District of Massachusetts (herein "Court"), in the amount of Fifty Thousand ($50,000) Dollars executed by the Defendant and the Mortgagor in favor of the United States of America, and to secure due observance and performance of the obligation, terms, and conditions as set forth in an Order Setting Conditions of Release dated August 8, 2003, and filed with the Court, and to further secure the performance of all other covenants and agreements of or by the Defendant and Mortgagor herein for the benefit of the Mortgagee, which may now exist or may hereafter exist or accrue while this Mortgage is still undischarged of record, and in furtherance of and pursuant to an escrow agreement made this day between the Mortgagor, the United States Attorney for the District of Massachusetts and the Mortgagee, the Mortgagor hereby mortgage, with power of sale, the following parcel of real property, with the following covenants thereon, situate, lying and being in the County of Suffolk, Commonwealth of Massachusetts, and more particularly described in the following deed:

A deed from Bernard W. Fabricant to Roman Valdma dated November 25, 1996, and recorded in the Suffolk County Registry of Deeds at Book 21038, Page 347;

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances, rents, royalties, mineral, oil and gas rights and profits, water, water rights, and water stock, and all fixtures now or hereafter attached to the property, all of which, including replacements and additions thereto, shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property are hereinafter referred to as the "Property."

THE MORTGAGOR covenants with the Mortgagee as follows:

1. That the Mortgagor shall pay the indebtedness as hereinbefore provided.

2. That the Mortgagor will keep the Property insured against loss by fire or hazards included within the term "extended coverage" for the benefit of the Mortgagee; that the Mortgagor will assign and deliver the policies to the Mortgagee; and that the Mortgagor will reimburse the Mortgagee for any premiums paid or insurance made by the Mortgagee on the Mortgagor's default in so insuring the Property or in so assigning and delivering the policies. However, the Mortgagee shall never be required to maintain insurance of any type or description on the Property.

   3. That the Mortgagor shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property, and no

Clerk, United States District Court
District of Mass.
United States Courthouse, Ste 2300
One Courthouse Way

building on the Property shall be removed or demolished without the consent of the Mortgagee.

4. That the Mortgagor will pay all taxes, assessments or water rates, and in default thereof, the Mortgagee may, but is not required to, pay the same. In the event that the Mortgagee elects not to pay the same, the Mortgagee is not required to so notify the Mortgagor.

5. That the proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, said proceeds not to exceed the dollar amount of the personal bond secured by this Mortgage, shall be delivered to the Mortgagee, who shall hold such proceeds in a non-interest bearing escrow account until either (A) the personal bond has been discharged by the Court, whereupon, and only upon an order of the Court, the Mortgagee shall deliver said proceeds to the Mortgagor, or (2) the Defendant fails to observe the Order Setting Conditions of Release and is defaulted by a judicial officer of the Court, whereupon the proceeds shall be disbursed for the benefit of the United States of America in accordance with, and only upon, an order of the Court.

6. That notice and demand or request may be made in writing and may be served in person or by mail.

7. That the Mortgagor will warrant and defend the title to the Property against all claims and demands.

8. That the Mortgagor will create no further encumbrances of any kind against the Property.

9. That the Mortgagor, in case a sale shall be made under the power of sale, will, upon request, execute, acknowledge and deliver to the purchaser or purchasers a deed or deeds of release confirming such sale, and that the Mortgagee is appointed and constituted the attorney irrevocable of the Mortgagor to execute and deliver to said purchaser a full transfer of all policies of insurance on the Property at the time of such sale.

10. That the holder of this Mortgage, in any action to foreclose it, shall be entitled to the appointment of a receiver.

11. Notwithstanding any other agreement between the Mortgagor and Mortgagee, or any provision of law, the Mortgagee shall not be required to discharge this Mortgage except upon order of the Court. It shall be the obligation of the Mortgagor to furnish the Mortgagee with a certified copy of said order.

IN WITNESS WHEREOF, this Mortgage has been duly executed by the Mortgagor.

_____
Roman Valdma

COMMONWEALTH OF MASSACHUSETTS

Plymouth , ss

On August 12, 2003 then personally appeared Roman Valdma and acknowledged the foregoing to be his free act and deed before me.

_____
Matthew D. Thompson
NOTARY PUBLIC
My Commission Expires: October 9, 2009

~~2-1-033-009~~

EXHIBIT "A".

That certain condominium unit in Brighton, Massachusetts,
Being: Unit No. 137-2 in the 137-141 Chiswick Condominium  (the
Condominium) Created by Master Deed Dated January 21, 1997,
recorded with the Suffolk Registry of Deeds at Book 13372 page 219
as amended (the Master Deed).

Being a condominium created in accordance with the provisions of
Massachusetts General Laws, Chapter 183A, , as amended.

(the "Unit")  in accordance and subject to Ch. 183A of the General
Laws of the Commonwealth of Massachusetts; together with said
Unit's 6.3% undivided interest in the common areas and facilities
(the "Common Elements" as described in said Master Deed.)
With all rights to use any parking space appurtenant thereto.
The Unit is shown on the floor plans recorded with said Master Deed
and with the (first) Unit Deed out previously referred to.

Property Address: 137-141 Chiswick Rd., Unit 137-2, Brighton, Ma.
02123

For title see Said  Deeds Book ~~13520~~ 21038  page ~~227.~~ 347

File 1760

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YY) 08/13/03

**PRODUCER**
HRH Insurance Agency of MA LLC
One Industrial Avenue
Lowell, MA 01851
978 458-1275

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**INSURERS AFFORDING COVERAGE**

**INSURED**
137-141 Chiswick Condominium
c/o CHR Condominium Management
P.O. Box 396
Chestnut Hill, MA 02467

INSURER A: Hartford Insurance Company
INSURER B: Federal Insurance Company
INSURER C:
INSURER D:
INSURER E:

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|
| A | GENERAL LIABILITY [X] COMMERCIAL GENERAL LIABILITY [ ] CLAIMS MADE [X] OCCUR | 08UUNDH1498 | 07/01/03 | 07/01/04 | EACH OCCURRENCE | $1,000,000 |
| | | | | | FIRE DAMAGE (Any one fire) | $300,000 |
| | | | | | MED EXP (Any one person) | $10,000 |
| | | | | | PERSONAL & ADV INJURY | $1,000,000 |
| | | | | | GENERAL AGGREGATE | $1,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: [ ] POLICY [ ] PROJECT [X] LOC | | | | PRODUCTS - COMP/OP AGG | $1,000,000 |
| | AUTOMOBILE LIABILITY [ ] ANY AUTO [ ] ALL OWNED AUTOS [ ] SCHEDULED AUTOS [ ] HIRED AUTOS [ ] NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | BODILY INJURY (Per person) | $ |
| | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | GARAGE LIABILITY [ ] ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | OTHER THAN AUTO ONLY: EA ACC / AGG | $ / $ |
| B | EXCESS LIABILITY [X] OCCUR [ ] CLAIMS MADE [ ] DEDUCTIBLE [X] RETENTION $0 | 79676942 | 07/01/03 | 07/01/04 | EACH OCCURRENCE | $10,000,00 |
| | | | | | AGGREGATE | $10,000,00 |
| | | | | | | $ |
| | | | | | | $ |
| | | | | | | $ |
| | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY | | | | [ ] WC STATUTORY LIMITS [ ] OTHER | |
| | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | OTHER Property Cov Repl Cost/AA Special Cause | 08UUNDH1498 | 07/01/03 | 07/01/04 | Bkt Lmt $180,010,600 Deductible: $2,500 1% Wind Deductible | |

**DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS**
RE: Roman Valdma, 137 Chiswick Road, Unit 2, Brighton, MA
Coverage Includes: Illinois Union Insurance Company 7/1/03 to 7/1/04
             Policy #120651179  Flood Limit: $10,000,000 Ded $50,000
             Earthquake Limit: $10,000,000 Ded $50,000
(See Attached Descriptions)

| CERTIFICATE HOLDER | ADDITIONAL INSURED; INSURER LETTER: | CANCELLATION |
|---|---|---|
| Clerk, United States District Court 1 Court House Way, Ste 2300 Boston, MA 02210 | | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL 10 DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE *Ronald A. Zaiger* |

ACORD 25-S (7/97) 1 of 3  #S35855/M35094   BJE   © ACORD CORPORATION 1988

SAGIFAX    8/13/03  12:10PM    HRH INSURANCE AGENCY OF MA LLC                                                        PAGE 2

## IMPORTANT

If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

## DISCLAIMER

The Certificate of Insurance on the reverse side of this form does not constitute a contract between the issuing insurer(s), authorized representative or producer, and the certificate holder, nor does it affirmatively or negatively amend, extend or alter the coverage afforded by the policies listed thereon.

SAGIFAX 8/13/103 12:15PM HRH INSURANCE AGENCY OF MA LLC PAGE 3

## DESCRIPTIONS (Continued from Page 1)

Hartford Insurance Company 7/1/03 to 7/1/04
Policy #08UUNDH1498   Crime Limit: $250,000 Ded $2,500
Terrorism Coverage is included

## ESCROW AGREEMENT

ESCROW AGREEMENT entered into this 13th day of August, 2003, among Roman Valdma (herein "Surety"), Michael J. Sullivan, in his official capacity as United States Attorney for the District of Massachusetts(herein "United States Attorney"), and Tony Anastas, in his official capacity as Clerk of the United States District Court for the District of Massachusetts (herein "Escrow Agent").

WHEREAS the Surety is desirous of effecting the release of Roman Valdma (herein "Defendant") in Criminal No. 03-882-MBB, on the terms and conditions of bail set forth in an Order Setting Conditions of Release (herein "Bail Order") dated August 8, 2003, and entered by the Honorable Marianne B. Bowler, United States Magistrate Judge, and has agreed to execute a personal bond in the amount of Fifty Thousand ($50,000) Dollars (herein "Personal Bond") to secure the Defendant's compliance with the terms and conditions of the Bail Order.

NOW THEREFORE, in consideration of the mutual covenants and agreements contained herein, the parties hereto agree as follows:

1. The Surety shall execute a quitclaim deed to the parcel of real property located at 137-141 Chiswick Road, Unit 137-2, Boston, Massachusetts 02135 in favor of the United States of America, and deliver said deed to the Escrow Agent to be held in escrow pursuant to the terms of this Agreement.

2. The Surety further agrees to execute any additional documents and take any action necessary to effectuate the transfer of said parcel of real property and facilitate the sale of such property in the event that the Defendant is in default of the terms and conditions of the Bail Order or Personal Bond.

3. The Escrow Agent shall hold the quitclaim deed in escrow under the following terms and conditions:

    A. In the event that the Defendant fails to appear as required at all proceedings in Criminal No. 03-882-MBB or otherwise violates any condition of bail, and Defendant is declared to be in default by a judicial officer of the United States District Court for the District of Massachusetts, then, upon order of the Court, and in lieu of or in addition to foreclosure proceedings on any mortgage granted by the Surety, the Escrow Agent shall tender the quitclaim deed to the United States Attorney, and he shall cause the same to be immediately recorded without notice to the Surety. Any requirement that foreclosure proceedings be commenced upon any mortgage granted by the Surety in connection with Criminal No. 03-882-MBB is expressly waived by the Surety.

    B. This Agreement shall terminate upon the final Disposition of Criminal No. 03-882-MBB and written discharge of the bond provided to the Surety by the United States of America. Upon such termination, and upon order of the Court, the Escrow Agent shall deliver the quitclaim deed to the Surety.

5. The validity and construction of this Agreement shall be governed by the law of the Commonwealth of Massachusetts.

6. This Escrow Agreement shall be binding upon and shall inure to the benefit of the parties hereto and their respective successors, assigns and personal representatives.

IN WITNESS WHEREOF, the parties here have caused this Agreement to be executed as of the date first written above.

ESCROW AGENT:
TONY ANASTAS, CLERK OF COURT

By: *[signature] Rex Brown*
*The Court*
Deputy Clerk  Rex Brown

SURETY: *[signature]*

Roman Valdma

MICHAEL J. SULLIVAN,
UNITED STATES ATTORNEY

By: *[signature]*

Asst. U.S. Attorney  *Kim West*

COMMONWEALTH OF MASSACHUSETTS

Suffolk , SS                                                                August 13, 2003

Then personally appeared _the above parties_ and acknowledged the foregoing to be _their_ free act and deed before me.

*[signature]*
Matthew Thompson
NOTARY PUBLIC
My Commission Expires: 10/19/09

# 137-141 CHISWICK CONDOMINIUM

## UNIT DEED

**GRANTOR:** Roman Valdma of Unit 137-2,
137-141 Chiswick Road
Boston, Massachusetts

**GRANTEE:** United States of America
C/O Clerk United States District Court, District of Massachusetts
One Courthouse Way
Boston, Massachusetts

| | | |
|---|---|---|
| **UNIT:** 137-2 | **PERCENTAGE INTEREST:** | 6.3% |
| | **AREA:** 1,121 square feet | |

**UNIT POST OFFICE ADDRESS:** 137-141 Chiswick Road
Unit 137-2
Boston, Massachusetts

**CONSIDERATION:** Pursuant to the terms and conditions of a certain Escrow Agreement between Grantor and Michael J. Sullivan, United States Attorney for the District of Massachusetts.

GRANTOR, owner of the UNIT described above in the 137-141 Chiswick Condominium created by Master Deed dated January 21, 1987 and recorded with the Suffolk Registry of Deeds at Book 13372, Page 218, as amended, in accordance with the provisions of G.L. c. 183A grants the UNIT to GRANTEE with QUITCLAIM COVENANTS for the CONSIDERATION stated above.

The UNIT contains the AREA listed above and is laid out as shown on a plan recorded herewith, which copy of a portion of the plans filed with the Master Deed and to which is affixed a verified statement in the form provided for in G.L. c. 183A, Section 9.

The UNIT is conveyed together with the above listed PERCENTAGE INTEREST (a) in common areas and facilities of the Condominium, as described in the Master Deed, and (b) in the 137-141 Chiswick Condominium Trust, recorded with said Registry of Deeds at Book 13372, Page 234, as amended.

The UNIT is to be used only for residential purposes and such other accessory uses permitted by the Boston Zoning Ordinances from time to time and for no other purpose, except as may be expressly permitted by the Trustees in accordance with the provisions of the 137-141 Chiswick Condominium Trust.

The GRANTEE acquires the Unit with the benefit of, and subject to, the provisions of G.L. c. 183A, relating to condominiums, as that statute is written as of the

date hereof, the Master Deed and Condominium Trust referred to above and any by-laws and rules and regulations from time to time adopted thereunder, and all matters of record stated or referred to in the Master Deed as completely s if each were fully set forth herein; and subject to real estate taxes attributable to the Unit which are not yet due and payable.

The UNIT is further conveyed with the assignment of the exclusive right to use a portion of the common areas, pursuant to the provisions of Section 7(a) of the said Master Deed, as amended, namely:

**PARKING SPACE NUMBER:**     10 and 11

**GARAGE NUMBER:**     None

For my title see Deed from Bernard W. Fabricant dated November 25, 1996 and recorded in the Suffolk Registry of Deeds at Book 21038, Page 347.

**EXECUTED UNDER SEAL THIS** 13th **DAY OF AUGUST, 2003.**

_____
**ROMAN VALDMA**

Suffolk , SS    COMMONWEALTH OF MASSACHUSETTS

On August 13th, 2003 then personally appeared Roman Valdma and acknowledged the foregoing to be his free act and deed before me.

_____
Matthew D. Thompson
NOTARY PUBLIC
My Commission Expires: October 9, 2009