## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | **Case No.**  03-10353-WGY |
| | ) | |
| **v.** | ) | **Violations:** |
| | ) | |
| **ROMAN VALDMA** | ) | 8 U.S.C. §1328 -- |
| | ) |    Importation of Aliens For Immoral Purpose |
| | ) | |
| | ) | 18 U.S.C. §2421 -- |
| | ) |    Transportation for Illegal Sexual Activity |
| | ) | |
| | ) | 18 U.S.C. §2422 -- |
| | ) |    Persuading and Enticing Illegal Sexual |
| | ) |    Activity |
| | ) | |
| | ) | 8 U.S.C. §1324 -- |
| | ) |    Encouraging and Inducing Aliens to Come |
| | ) |    To United States in Violation of Law |
| | ) | |
| | ) | 8 U.S.C. §1324(a)(2)(B)(ii)  -- |
| | ) |    Bringing Alien to United States Without |
| | ) |    Official Authorization for Commercial |
| | ) |    Advantage |
| | ) | |
| | ) | 18 U.S.C. §1546(a) -- |
| | ) |    Visa Fraud |
| | ) | |
| | ) | 18 U.S.C. §2 -- |
| | ) |    Causing and Aiding and Abetting |
| | ) | |
| | ) | 18 U.S.C. §§981, 982; 21 U.S.C. §2253; |
| | ) | 28 U.S.C. §2461; 8 U.S.C. §1324 -- |
| | ) |    Criminal Forfeiture |

## SUPERSEDING INFORMATION

The United States Attorney charges that:

## INTRODUCTORY ALLEGATIONS

At all times relevant to this Information: :

1.      ROMAN VALDMA, an Estonian national, was a naturalized citizen of the United
States, residing in Brighton, Massachusetts.

2.      ROMAN VALDMA operated an erotic massage business at two locations in
Brighton, Massachusetts, in which his clients received erotic massages with a
"special ending." ROMAN VALDMA generated the clientele for his erotic
massage business, set the price structure for the massages provided, and divided
the proceeds from each massage with the women who provided the massages.

3.      Massachusetts General Laws Chapter 272, Section 53A makes it a crime for any
person to engage, agree to engage, or offer to engage in sexual conduct with
another person in return for a fee, and also makes it a crime to pay or offer to pay
another person to engage in sexual conduct.

4.      ROMAN VALDMA, directly and indirectly, recruited young women from Estonia
to come to the United States to work in his erotic massage business. VALDMA
did not disclose to most of these women the erotic nature of the massages they
would be required to perform until after they had arrived in the United States.

5.      VALDMA assisted these Estonian women in securing visas to enter the United
States by instructing them, directly and indirectly, to provide false information on
their visa applications about the purpose of their trip to the United States and
whether they intended to work in the United States. In addition, VALDMA
instructed these women, directly and indirectly, to provide false information on
their visa applications about their current place of employment in Estonia and
current position at that place of employment. VALDMA also assisted the women,

2

directly and indirectly, in obtaining false documentation to verify their claimed employment in Estonia.

6.        VALDMA, directly and indirectly, paid the airfare for the women he hired for his erotic massage business to travel from Estonia to the United States.  He then required these women to repay him for the cost of their airline tickets out of the proceeds from the erotic massages they provided.

**COUNTS ONE -- FIVE:**        **Title 8, United States Code, Section 1328 --**
                              **Importation of Alien for Immoral Purpose**

The United States Attorney further charges that:

7.  The United States Attorney realleges and incorporates herein by reference paragraphs 1-4 and 6 of this Information in their entirety.

8.  On or about the dates listed below, in  the District of Massachusetts,

ROMAN VALDMA

the defendant herein, directly and indirectly, attempted to and did import into the United States an alien for immoral purposes, to wit, a violation of Mass. Gen. Laws, ch. 272, §53A.

| Count | Date | Alien |
|-------|------|-------|
| One | July 13, 1999 | Female 1 |
| Two | December 1, 1999 | Female 2 |
| Three | February 21, 2000 | Female 3 |
| Four | February 14, 2003 | Female 4 |
| Five | May 29, 2003 | Female 6 |

All in violation of Title 8, United States Code, Section 1328 and Title 18 United States Code, Section 2.

3

**COUNT SIX:**        **Title 18, United States Code, Section 2421 --
                       Transportation for Illegal Sexual Activity**

The United States Attorney further charges that:

9. On or about March 10, 2003, in the  District of Massachusetts,

ROMAN VALDMA

the defendant herein, knowingly transported an individual, designated "Female 5" herein, in

interstate commerce from the State of New York to the Commonwealth of Massachusetts,

with intent that such individual engage in sexual activity for which a person can be charged with

a criminal offense under Mass. Gen. Laws, ch. 272, §53A.

All in violation of Title 18, United States Code, Section 2421.

**COUNTS SEVEN-EIGHT:**    **Title 18, United States Code, Sections 2422 and 2--**
**Persuading and Enticing Another to Engage in Illegal Sexual**
**Activity; Aiding and Abetting**

The United States Attorney further charges that:

10.  On or about the dates set forth below, in the District of Massachusetts and elsewhere,

ROMAN VALDMA

the defendant herein, knowingly attempted to and did persuade, induce, entice, and coerce an

individual, designated below, to travel in foreign commerce from Estonia to the United States to

engage in sexual activity for which a person can be charged with a criminal offense under Mass.

Gen. Laws, ch. 272, §53A.

| Count | Date | Individual |
|-------|------|------------|
| Seven | June-July, 1999 | Female 1 |
| Eight | February-July, 2003 | Female 6 |

All in violation of Title 18, United States Code, Sections 2422 and 2.

5

**COUNT NINE:**      **Title 18, United States Code, Sections 2422 and 2 --**
                                **Persuading and Enticing Another to Engage in Illegal Sexual**
                                **Activity; Aiding and Abetting**

The United States Attorney further charges that:

11.  In or about June and July, 2003, in the District of Massachusetts,

ROMAN VALDMA

the defendant herein, knowingly attempted to and did persuade, induce, entice, and coerce an

individual, designated "Female 7" herein, to travel in interstate commerce from the State of

Florida to the Commonwealth of Massachusetts, to engage in sexual activity for which a person

can be charged with a criminal offense under Mass. Gen. Laws, ch. 272, §53A.

All in violation of Title 18, United States Code, Sections 2422 and 2.

**COUNTS TEN – THIRTEEN:**    **Title 18, United States Code, Sections 1546(a) and 2 -- Visa Fraud and Aiding and Abetting**

The United States Attorney further charges that:

12. The United States Attorney realleges and incorporates herein by reference paragraphs 4 and 5 of this Information in its entirety.

13. On or about the dates set forth below, in the District of Massachusetts and elsewhere,

ROMAN VALDMA

the defendant herein, aided and abetted the individuals set forth below to use, attempt to use, possess, obtain, accept and receive a document prescribed by statute or regulation for entry into the United States, to wit: a non-immigrant visa for the United States, knowing it to have been procured by means of a false claim or statement and to have been otherwise procured by fraud and unlawfully obtained.

| Count | Date | Individuals | False Statements in Visa Application |
|-------|------|-------------|--------------------------------------|
| Ten | July, 1999 | Female 1 | Place of Employment<br>Purpose of Trip<br>No Intention to Work |
| Eleven | November, 1999 | Female 2 | Place of Employment<br>No Intention to Work |
| Twelve | January, 2002 | Female 3 | Place of Employment<br>Purpose of Trip<br>No Intention to Work |
| Thirteen | January, 2003 | Female 4 | Place of Employment<br>Purpose of Trip<br>No Intention to Work |

All in violation of Title 18, United States Code, Sections 1546(a) and 2.

7

**COUNTS FOURTEEN – EIGHTEEN:** **Title 8, United States Code, Section 1324(a)(1)(A)(iv); Title 18 United States Code, Section 2 – Encouraging and Inducing Aliens to Come to the United States in Violation of Law; Aiding and Abetting**

The United States Attorney further charges that:

14. On or about the dates set forth below, in the District of Massachusetts and elsewhere,

ROMAN VALDMA

the defendant herein, did encourage and induce an alien, to come to, enter, and reside in the

United States, knowing and in reckless disregard of the fact that such coming to, entry, and

residence was or would be in violation of law.

| Count | Date | Alien |
|-------|------|-------|
| Fourteen | June-July, 1999 | Female 1 |
| Fifteen | November-December, 1999 | Female 2 |
| Sixteen | June, 2001-January 2002 | Female 3 |
| Seventeen | January-February, 2003 | Female 4 |
| Eighteen | February-May, 2003 | Female 6 |

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv) and Title 18,

United States Code, Section 2.

8

**COUNTS NINETEEN – TWENTY**: **Title 8, United States Code, Section 1324(a)(2)(B)(ii); Title 18, United States Code, Section 2 -- Bringing Aliens to the United States Without Official Authorization for Commercial Advantage ; Aiding and Abetting**

The United States Attorney further charges that:

15. On or about the dates set forth below, in the District of Massachusetts,

ROMAN VALDMA

the defendant herein, knowing and in reckless disregard of the fact that an alien had not received

prior official authorization to come to, enter and reside in the United States, did bring to the

United States in any manner whatsoever, such alien for the purpose of commercial advantage and

private financial gain.

| Count | Date | Alien |
|-------|------|-------|
| Nineteen | February 21, 2002 | Female 3 |
| Twenty | February 14, 2003 | Female 4 |

All in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii) and Title 18,

United States Code, Section 2 .

**FIRST FORFEITURE ALLEGATION**: 18 U.S.C. §981(a)(1)(C), 28 U.S.C. §2461 --
Criminal Forfeiture

The United States Attorney further charges that:

16. As a result of committing one or more of the offenses alleged in Counts One through Five of this Information, charging Importation of Alien for Immoral Purposes, in violation of 8 U.S.C. §1328,

ROMAN VALDMA

defendant herein, upon conviction, shall forfeit to the United States, pursuant to 18 U.S.C. §981(a)(1)(C) (incorporating 18 U.S.C. §1956 and 18 U.S.C. §1961) and 28 U.S.C. §2461, any and all property constituting or derived from any proceeds traceable to the violation.

Such property includes, but is not limited to, the following:

(a)   $500,000 in United States currency;

(b)   One 2003 silver Acura model MDX bearing Massachusetts Registration number 59PV19, and Vehicle Identification Number 2HNYD18863H506272 which is registered to ROMAN VALDMA;

(c)   Real property described as follows:

(i)  137 Chiswick Road, #2, Brighton, Massachusetts --

Unit number 137-2 in the 137-141 Chiswick Condominium created by Master Deed dated January 21, 1987 and recorded with the Suffolk Registry of Deeds at Book 13372, Page 218, as amended in accordance with the provisions of G.L. c 183A, and shown on a plan recorded in said Registry of Deeds therewith;

The Unit consists of an area of 1,121 square feet and parking space numbers 10 and 11, and is laid out on the floor plan filed with the Master Deed. It further consists of a 6.3% interest in the common areas and facilities of the Condominium, as described in the Master Deed and in the 137-141 Chiswick Condominium Truth, recorded with said Registry of Deeds at Book 13372, Page 234, as amended.

Being the same premises conveyed to Roman Valdma by Deed of Robert A. Fabricant dated October 23, 1996 and recorded in the Suffolk County Registry of Deeds, Book 20968, Page 266.

(ii)  2 Larose Place, Apartment 25, Brighton, Massachusetts –

Unit number 25 of Ridgemont Condominium, created by Master Deed dated June 28, 1982 and recorded in Suffolk County Registry of Deeds in Book 9980, Page 48 and by confirmatory Master Deed dated April 24, 1984, recorded with said Deeds, Book 10886, Page 1, in according with the provisions of G.L. Ch 183A, and shown on a plan recorded in said Registry of Deeds therewith;

The Unit contains an area of 2,064 square feet and Parking Space 25, and is shown on the floor plan filed simultaneously with the Master Deed and to which is affixed a verified statement in the form provided for in G.L. Ch. 183A, Sec. 9;

The Unit further contains a 11.30% interest in the common areas and facilities of said Condominium as described in the Master Deed and in the Ridgemont Condominium recorded with said Registry of Deeds, Book 10886, Page 1.

Being the same premises conveyed to Roman Valdma by Deed of Florencia Maria Hito of the Two Larose Place Realty Trust dated August 1, 2001 and recorded in Suffolk Registry of Deeds, Book 26783, Page 22.

17.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

11

it is the intent of the United States, pursuant to 21 U.S.C. §853(p), as incorporated by 28 U.S.C.

§2461(c), to seek forfeiture of any other property of the defendant up to the value of the above

forfeitable property,

 All in violation of Title 18, United States Code, Sections 981(a)(1)(C) and 28 U.S.C.

§2461.

**SECOND FORFEITURE ALLEGATION:  18 U.S.C. §2253 -- Criminal Forfeiture**

The United States Attorney further charges that:

18.  As a result of committing one or more of the offenses alleged in Counts Six, Seven,

Eight, and Nine of this Information, charging Transportation for Illegal Sexual Activity and

Persuading and Enticing Illegal Sexual Activity, in violation of 18 U.S.C. §2421 and 18 U.S.C.

§2422,

ROMAN VALDMA

defendant herein, upon conviction, shall forfeit to the United States, pursuant to 18 U.S.C.

§2253: (1) any and all property, real or personal, constituting or traceable to gross profits or other

proceeds obtained from such offense; and (2) any property, real or personal, used or intended to

be used to commit or to promote the commission of such offense.

Such property includes, but is not limited to, the following:

(a)    $500,000 in United States currency;

(b)    One 2003 silver Acura model MDX bearing Massachusetts Registration number
       59PV19, and Vehicle Identification Number 2HNYD18863H506272 which is
       registered to ROMAN VALDMA;

(c)    Real property described as follows:

       (i) 137 Chiswick Road, #2, Brighton, Massachusetts --
           Unit number 137-2 in the 137-141 Chiswick Condominium created by
           Master Deed dated January 21, 1987 and recorded with the Suffolk
           Registry of Deeds at Book 13372, Page 218, as amended in accordance
           with the provisions of G.L. c 183A, and shown on a plan recorded in said
           Registry of Deeds therewith;

           The Unit consists of an area of 1,121 square feet and parking space
           numbers 10 and 11, and is laid out on the floor plan filed with the Master
           Deed.  It further consists of a 6.3% interest in the common areas and
           facilities of the Condominium, as described in the Master Deed and in the

13

137-141 Chiswick Condominium Truth, recorded with said Registry of Deeds at Book 13372, Page 234, as amended.

Being the same premises conveyed to Roman Valdma by Deed of Robert A. Fabricant dated October 23, 1996 and recorded in the Suffolk County Registry of Deeds, Book 20968, Page 266.

(ii) 2 Larose Place, Apartment 25, Brighton, Massachusetts –

Unit number 25 of Ridgemont Condominium, created by Master Deed dated June 28, 1982 and recorded in Suffolk County Registry of Deeds in Book 9980, Page 48 and by confirmatory Master Deed dated April 24, 1984, recorded with said Deeds, Book 10886, Page 1, in according with the provisions of G.L. Ch 183A, and shown on a plan recorded in said Registry of Deeds therewith;

The Unit contains an area of 2,064 square feet and Parking Space 25, and is shown on the floor plan filed simultaneously with the Master Deed and to which is affixed a verified statement in the form provided for in G.L. Ch. 183A, Sec. 9;

The Unit further contains a 11.30% interest in the common areas and facilities of said Condominium as described in the Master Deed and in the Ridgemont Condominium recorded with said Registry of Deeds, Book 10886, Page 1.

Being the same premises conveyed to Roman Valdma by Deed of Florencia Maria Hito of the Two Larose Place Realty Trust dated August 1, 2001 and recorded in Suffolk Registry of Deeds, Book 26783, Page 22.

19. If any of the above-described forfeitable property, as a result of any act or omission

of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

14

(e) has been commingled with other property which cannot be subdivided without

difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. §2253(o), to seek forfeiture of any

other property of the defendant up to the value of the above forfeitable property,

All in violation of Title 21, United States Code, Section 2253.

**THIRD FORFEITURE ALLEGATION:**    **18 U.S.C. 982(a)(6)(a)(i) and (ii)--**
                                       **Criminal Forfeiture**

The United States Attorney further charges that:

20. As a result of committing one or more of the offenses alleged in Counts Ten through

Thirteen of this Information, charging Visa Fraud and Aiding and Abetting, in violation of 18

U.S.C. §1546 and 18 U.S.C. §2,

ROMAN VALDMA

defendant herein, upon conviction, shall forfeit to the United States, pursuant to 18 U.S.C.

982(a)(6)(a)(i) and (ii), any conveyance, including any vessel, vehicle or aircraft used in the

commission of the offense and any property, real or personal, that constitutes or is derived from,

or is traceable to the proceeds obtained directly or indirectly from the commission of the offense;

or that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

Such property includes, but is not limited to, the following:

(a)    $500,000 in United States currency;

(b)    One 2003 silver Acura model MDX bearing Massachusetts Registration number
       59PV19, and Vehicle Identification Number 2HNYD18863H506272 which is
       registered to ROMAN VALDMA;

(c)    Real property described as follows:

       (i) 137 Chiswick Road, #2, Brighton, Massachusetts --

               Unit number 137-2 in the 137-141 Chiswick Condominium created by
               Master Deed dated January 21, 1987 and recorded with the Suffolk
               Registry of Deeds at Book 13372, Page 218, as amended in accordance
               with the provisions of G.L. c 183A, and shown on a plan recorded in said
               Registry of Deeds therewith;

               The Unit consists of an area of 1,121 square feet and parking space
               numbers 10 and 11, and is laid out on the floor plan filed with the Master

16

Deed. It further consists of a 6.3% interest in the common areas and facilities of the Condominium, as described in the Master Deed and in the 137-141 Chiswick Condominium Truth, recorded with said Registry of Deeds at Book 13372, Page 234, as amended.

Being the same premises conveyed to Roman Valdma by Deed of Robert A. Fabricant dated October 23, 1996 and recorded in the Suffolk County Registry of Deeds, Book 20968, Page 266.

(ii) 2 Larose Place, Apartment 25, Brighton, Massachusetts –

Unit number 25 of Ridgemont Condominium, created by Master Deed dated June 28, 1982 and recorded in Suffolk County Registry of Deeds in Book 9980, Page 48 and by confirmatory Master Deed dated April 24, 1984, recorded with said Deeds, Book 10886, Page 1, in according with the provisions of G.L. Ch 183A, and shown on a plan recorded in said Registry of Deeds therewith;

The Unit contains an area of 2,064 square feet and Parking Space 25, and is shown on the floor plan filed simultaneously with the Master Deed and to which is affixed a verified statement in the form provided for in G.L. Ch. 183A, Sec. 9;

The Unit further contains a 11.30% interest in the common areas and facilities of said Condominium as described in the Master Deed and in the Ridgemont Condominium recorded with said Registry of Deeds, Book 10886, Page 1.

Being the same premises conveyed to Roman Valdma by Deed of Florencia Maria Hito of the Two Larose Place Realty Trust dated August 1, 2001 and recorded in Suffolk Registry of Deeds, Book 26783, Page 22.

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party; .

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without

difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C.

§982(b), to seek forfeiture of any other property of the defendant up to the value of the above

forfeitable property,

All in violation of Title 18, United States Code, Sections 982(a)(6)(a)(i) and (ii).

**FOURTH FORFEITURE ALLEGATION: 18 U.S.C. 982(a)(6), 8 U.S.C. §1324(b) and 28 U.S.C. §2461 -- Criminal Forfeiture**

The United States Attorney further charges that:

22.  As a result of committing one or more of the offenses alleged in Counts Fourteen through Twenty of this Information, charging Encouraging and Inducing Aliens to Come to the United States in Violation of Law and Bringing Aliens to the United States Without Official Authorization for Commercial Advantage, in violation of 8 U.S.C. §§1324(a)(1)(A)(iv) and 1324(a)(2)(B)(ii),

ROMAN VALDMA

defendant herein, upon conviction, shall forfeit to the United States, pursuant to 18 U.S.C. 982(a)(6) and/or 8 U.S.C. §1324(b) and 28 U.S.C. §2461, any conveyance, including any vessel, vehicle or aircraft used in the commission of the offense, the gross proceeds of such violation, any property traceable to such conveyance or proceeds; and any property, real or personal, that constitutes or is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; or that is used to facilitate, or is intended to be used to facilitate, the commission of the offense.

Such property includes, but is not limited to, the following:

     (a)     $500,000 in United States currency;

     (b)     One 2003 silver Acura model MDX bearing Massachusetts Registration number 59PV19, and Vehicle Identification Number 2HNYD18863H506272 which is registered to ROMAN VALDMA;

     (c)     Real property described as follows:

          (i)  137 Chiswick Road, #2, Brighton, Massachusetts --

Unit number 137-2 in the 137-141 Chiswick Condominium created by Master Deed dated January 21, 1987 and recorded with the Suffolk Registry of Deeds at Book 13372, Page 218, as amended in accordance with the provisions of G.L. c 183A, and shown on a plan recorded in said Registry of Deeds therewith;

The Unit consists of an area of 1,121 square feet and parking space numbers 10 and 11, and is laid out on the floor plan filed with the Master Deed. It further consists of a 6.3% interest in the common areas and facilities of the Condominium, as described in the Master Deed and in the 137-141 Chiswick Condominium Truth, recorded with said Registry of Deeds at Book 13372, Page 234, as amended.

Being the same premises conveyed to Roman Valdma by Deed of Robert A. Fabricant dated October 23, 1996 and recorded in the Suffolk County Registry of Deeds, Book 20968, Page 266.

(ii) 2 Larose Place, Apartment 25, Brighton, Massachusetts –

Unit number 25 of Ridgemont Condominium, created by Master Deed dated June 28, 1982 and recorded in Suffolk County Registry of Deeds in Book 9980, Page 48 and by confirmatory Master Deed dated April 24, 1984, recorded with said Deeds, Book 10886, Page 1, in according with the provisions of G.L. Ch 183A, and shown on a plan recorded in said Registry of Deeds therewith;

The Unit contains an area of 2,064 square feet and Parking Space 25, and is shown on the floor plan filed simultaneously with the Master Deed and to which is affixed a verified statement in the form provided for in G.L. Ch. 183A, Sec. 9;

The Unit further contains a 11.30% interest in the common areas and facilities of said Condominium as described in the Master Deed and in the Ridgemont Condominium recorded with said Registry of Deeds, Book 10886, Page 1.

Being the same premises conveyed to Roman Valdma by Deed of Florencia Maria Hito of the Two Larose Place Realty Trust dated August 1, 2001 and recorded in Suffolk Registry of Deeds, Book 26783, Page 22.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. §853(p), as incorporated by 18 U.S.C. §982(b) and 28 U.S.C. §2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property,

All in violation of Title 18, United States Code, Section 18 U.S.C. 982(a)(6) and/or 8 U.S.C. §1324(b) and 28 U.S.C. §2461.

NOTICE OF ADDITIONAL FACTORS

The United States Attorney further charges that:

1. Defendant's base offense level on each count alleging a violation of 8 U.S.C. §1328 is 14 pursuant to U.S.S.G. §2G1.1.

2. A four-level upward adjustment is warranted on each such count pursuant to U.S.S.G. §2G1.1(b)(1) because the offenses involved a commercial sex act and the use of physical force, fraud, or coercion.

3. Each of the alleged violations of 8 U.S.C. §1328 constitutes a separate group pursuant to U.S.S.G. §3D1.2 with a total offense level of 18.

4. Defendant's base offense level for the alleged violation of 18 U.S.C. §2421 is 14 pursuant to U.S.S.G. §2G1.1

5. A four-level upward adjustment is warranted on that count pursuant to U.S.S.G. §2G1.1(b)(1) because the offense involved a commercial sex act and the use of physical force, fraud, or coercion.

6. The alleged violation of 18 U.S.C. §2421 constitutes a separate group pursuant to U.S.S.G. §3D1.2 with a total offense level of 18.

7. Defendant's base offense level for each of the alleged violations of 18 U.S.C. §2422 is 14 pursuant to U.S.S.G. §2G1.1

8. A four-level upward adjustment is warranted on each such count pursuant to U.S.S.G. §2G1.1(b)(1) because each offense involved a commercial sex act and the use of physical force, fraud, or coercion.

9. Each of the alleged violations of 18 U.S.C. §2422 constitutes a separate group

pursuant to U.S.S.G. §3D1.2 with a total offense level of 18. .

10. Defendant's base offense level for the alleged violations of 18 U.S.C. §1546(a) is 11 pursuant to U.S.S.G. §2L2.1.

11. A four-level upward adjustment is warranted pursuant to U.S.S.G. §2L2.1(b)(3) because Defendant knew or believed or had reason to believe that a passport or visa was to be used to facilitate the commission of a felony offense, other than an offense involving violation of the immigration laws.

12. Because each of the alleged violations of 18 U.S.C. §1546 involved the same victim and two or more acts or transactions connection by a common criminal objective or constituting part of a common scheme or plan, they are to be grouped pursuant to U.S.S.G. §3D1.2(b) into a single group with a total offense level of 15.

13. Defendant's base offense level for the alleged violation of 8 U.S.C. §1324(a)(1)(A)(iv) and 8 U.S.C. §1324(a)(2)(B)(ii) is 12 pursuant to U.S.S.G. §2L1.1(a)(2).

14. Because each of the alleged violations of 8 U.S.C. §1324(a)(1)(A)(iv) and 8 U.S.C. §1324(a)(2)(B)(ii) involved the same victim and two or more acts or transactions connection by a common criminal objective or constituting part of a common scheme or plan, they are to be grouped pursuant to U.S.S.G. §3D1.2(b) into a single group with a total offense level of 12.

15. A five-level increase in Defendant's highest adjusted offense level is warranted pursuant to U.S.S.G. §3D1.4 because more than five groups have an adjusted offense level 4 levels or less than the group with the highest adjusted offense level.

16. Defendant's faces a three-year minimum mandatory sentence upon conviction on Counts Nineteen and/or Twenty, those being his first and/or second violation of 8 U.S.C. §1324(a)(2)(B)(ii).

MICHAEL J. SULLIVAN
United States Attorney

By: _Emily Schulman_____
EMILY R. SCHULMAN
Assistant U.S. Attorney

Dated: _8/3/04_____

24