

U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

July 26, 2004

Thomas Butters, Esq.
Butters, Brazilian & Small, LLP
One Exeter Plaza
Boston, MA 02116

      Re:  United States v. Roman Valdma
           Criminal Number 03-10353-WGY

Dear Attorney Butters:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Roman Valdma ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.   Change of Plea

    At the earliest practicable date, Defendant shall plead guilty to a twenty-count Information charging him with transporting an individual in foreign or interstate commerce for the purpose of prostitution (18 U.S.C. §2421); persuading or enticing an individual to travel in foreign or interstate commerce for the purpose of prostitution (18 U.S.C. §2422); importation of aliens for immoral purposes (8 U.S.C. §1328); inducing aliens to come and bringing aliens to the United States in violation of law; (8 U.S.C. §1324); and visa fraud (18 U.S.C. §1546(a)). Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crimes charged in counts one through twenty of the Information in which he is named, and is in fact guilty of those offenses.

    2.   Penalties

    Defendant faces the following maximum penalties on each

count:

    Counts One through Six:
        a.   ten years imprisonment;
        b.   $250,000 fine;
        c.   three years supervised release;
        d.   mandatory special assessment of $100;
        e.   criminal forfeiture of the property set forth below.

    Counts Seven through Nine:
        a.   twenty years imprisonment;
        b.   $250,000 fine;
        c.   three years supervised release;
        d.   mandatory special assessment of $100;
        e.   criminal forfeiture of the property set forth below.

    Counts Ten through Eleven:
        a.   ten years imprisonment;
        b.   $250,000 fine;
        c.   three years supervised release;
        d.   mandatory special assessment of $100;
        e.   criminal forfeiture of the property set forth below.

    Counts Twelve through Thirteen:
        a.   fifteen years imprisonment;
        b.   $250,000 fine;
        c.   three years supervised release;
        d.   mandatory special assessment of $100.
        e.   criminal forfeiture of the property set forth below.

    Counts Fourteen through Eighteen:
        a.   ten years imprisonment;
        b.   $250,000 fine;
        c.   three years supervised release;
        d.   mandatory special assessment of $100;
        e.   criminal forfeiture of the property set forth below.

    Counts Nineteen through Twenty:
        a.   a maximum of ten years imprisonment and a minimum mandatory term of three years imprisonment;
        b.   $250,000 fine;
        c.   three years supervised release;
        d.   mandatory special assessment of $100.

  e. criminal forfeiture of the property set forth below.

The following property is subject to criminal forfeiture on each count:

  a. $500,000 in United States currency;

  b. One 2003 silver Acura model MDX bearing Massachusetts Registration number 59PV19, and Vehicle Identification Number 2HNYD18863H506272 which is registered to Roman Valdma;

  c. Real property described as follows:

    (i) 137 Chiswick Road, #2, Brighton, Massachusetts, more fully described in the deed of Robert A. Fabricant dated October 23, 1996 and recorded in the Suffolk County Registry of Deeds, Book 20968, Page 266. in the deed dated January 21, 1987 and recorded with the Suffolk Registry of Deeds at Book 13372, Page 218

    (ii) 2 Larose Place, Apartment 25, Brighton, Massachusetts, as more fully described in the Deed of Florencia Maria Hito of the Two Larose Place Realty Trust dated August 1, 2001 and recorded in Suffolk Registry of Deeds, Book 26783, Page 22.

 3. <u>Sentencing Guidelines</u>

Defendant is familiar with the Supreme Court's decision in <u>Blakely v. Washington</u>, 542 U.S. ____ (2004) and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Notwithstanding those decisions, Defendant agrees to waive all constitutional challenges to the validity of the Sentencing Guidelines, and agrees to have his sentence determined pursuant to the Sentencing Guidelines; waives any claim he might have that the facts that determine his guideline sentencing range (including facts that support any specific offense characteristic, specified offender enhancement, other upward adjustment, and Defendant's criminal history category) should be alleged in an indictment and found by a jury beyond a reasonable doubt; and agrees that facts that determine his guideline sentencing range will be found by the court at sentencing by a preponderance of the evidence. Defendant further agrees that the sentencing court may consider any reliable

evidence, including hearsay.

The parties stipulate and agree that:

    (a)  Defendant's base offense level on each count alleging a violation of 8 U.S.C. §1328 is 14 pursuant to U.S.S.G. §2G1.1.

    (b)  A four-level upward adjustment is warranted on each such count pursuant to U.S.S.G. §2G1.1(b)(1) because the offenses involved a commercial sex act and the use of physical force, fraud, or coercion.

    (c)  Each of the alleged violations of 8 U.S.C. §1328 constitutes a separate group pursuant to U.S.S.G. §3D1.2 with a total offense level of 18.

    (d)  Defendant's base offense level for the alleged violation of 18 U.S.C. §2421 is 14 pursuant to U.S.S.G. §2G1.1

    (e)  A four-level upward adjustment is warranted on that count pursuant to U.S.S.G. §2G1.1(b)(1) because the offense involved a commercial sex act and the use of physical force, fraud, or coercion.

    (f)  The alleged violation of 18 U.S.C. §2421 constitutes a separate group pursuant to U.S.S.G. §3D1.2 with a total offense level of 18.

    (g)  Defendant's base offense level for each of the alleged violations of 18 U.S.C. §2422 is 14 pursuant to U.S.S.G. §2G1.1

    (h)  A four-level upward adjustment is warranted on each such count pursuant to U.S.S.G. §2G1.1(b)(1) because each offense involved a commercial sex act and the use of physical force, fraud, or coercion.

    (i)  Each of the alleged violations of 18 U.S.C. §2422 constitutes a separate group pursuant to U.S.S.G. §3D1.2 with a total offense level of 18.

    (j)  Defendant's base offense level for the alleged violations of 18 U.S.C. §1546(a) is 11 pursuant to U.S.S.G. §2L2.1.

    (k)    A four-level upward adjustment is warranted pursuant to U.S.S.G. §2L2.1(b)(3) because Defendant knew or believed or had reason to believe that a passport or visa was to be used to facilitate the commission of a felony offense, other than an offense involving violation of the immigration laws.

    (l)    Because each of the alleged violations of 18 U.S.C. §1546 involved the same victim and two or more acts or transactions connection by a common criminal objective or constituting part of a common scheme or plan, they are to be grouped pursuant to U.S.S.G. §3D1.2(b) into a single group with a total offense level of 15.

    (m)    Defendant's base offense level for the alleged violation of 8 U.S.C. §1324(a)(1)(A)(iv) and 8 U.S.C. §1324(a)(2)(B)(ii) is 12 pursuant to U.S.S.G. §2L1.1(a)(2).

    (n)    Because each of the alleged violations of 8 U.S.C. §1324(a)(1)(A)(iv) and 8 U.S.C. §1324(a)(2)(B)(ii) involved the same victim and two or more acts or transactions connection by a common criminal objective or constituting part of a common scheme or plan, they are to be grouped pursuant to U.S.S.G. §3D1.2(b) into a single group with a total offense level of 12.

    (o)    A five-level increase in Defendant's highest adjusted offense level is warranted pursuant to U.S.S.G. §3D1.4 because more than five groups have an adjusted offense level 4 levels or less than the group with the highest adjusted offense level.

    (p)    Defendant's faces a three-year minimum mandatory sentence upon conviction on Counts Nineteen and/or Twenty, those being his first and/or second violation of 8 U.S.C. §1324(a)(2)(B)(ii).

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. §3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

- (a) Fails to admit a complete factual basis for the plea;

- (b) Fails to truthfully admit his conduct in the offenses of conviction;

- (c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

- (d) Fails to provide truthful information about his financial status;

- (e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

- (f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

- (g) Intentionally fails to appear in Court or violates any condition of release;

- (h) Commits a crime;

- (i) Transfers any asset protected under any provision of this Agreement; and/or

- (j) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.  <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a)  A term of imprisonment between 36 and 41 months or within the applicable guidelines range as determined by the Court;

    (b)  A fine of $7,500 or at the low end of the applicable guideline range unless the defendant establishes his inability to pay such a fine.

    (d)  Mandatory special assessment in the amount of $2000;

    (e)  Supervised release for a period of three years.

During the period of supervised release, Defendant must, within six months of sentencing or release from custody, whichever is later:

    (a)  Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

    (b)  Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

    (c)  Provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

    (d)  File accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

    (e)  Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties.

The U.S. Attorney and Defendant agree that there is no basis for a downward departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a downward departure on any ground from the Sentencing Guidelines.

Criminal Forfeiture

Defendant and the United States agree to the following disposition of the forfeiture allegations in the Superseding Information.

Defendant consents to the forfeiture, for the use and benefit of the United States, of all his right, title, and interest in the following assets pursuant to 18 U.S.C. §981(a)(1)(C) (incorporating 18 U.S.C. §1956 and 18 U.S.C. §1961), 28 U.S.C. §2461, 18 U.S.C. §2253, 18 U.S.C. 982(a)(6)(a)(i) and (ii), and 18 U.S.C. 982(a)(6) and/or 8 U.S.C. §1324(b) and 28 U.S.C. §2461:

- a. $80,000 in United States currency;

- b. One 2003 silver Acura model MDX bearing Massachusetts Registration number 59PV19, and Vehicle Identification Number 2HNYD18863H506272 which is registered to ROMAN VALDMA;

- c. Real property described as follows:

    (i) 2 Larose Place, Apartment 25, Brighton, Massachusetts, as more fully described in the Deed of Florencia Maria Hito of the Two Larose Place Realty Trust dated August 1, 2001 and recorded in Suffolk Registry of Deeds, Book 26783, Page 22.

At the United States' discretion, the forfeiture(s) may be carried out criminally (including, without limitation, as a criminal forfeiture money judgment), civilly, or administratively. Defendant hereby consents, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, to the finality as to the Defendant, prior to sentencing, of any order of forfeiture entered pursuant to this Agreement.

Defendant admits that these assets are subject to forfeiture because they are property constituting or derived from any proceeds traceable of the offenses to which the Defendant is pleading guilty and/or are any property, real or personal, used or intended to be used to commit or to promote the commission of such offenses and/or are a conveyance, including any vessel, vehicle or aircraft used in the commission of the offense and any property, real or personal, that constitutes or is derived from, or is traceable to the proceeds obtained directly or indirectly from the commission of the offense; or that is used to

facilitate, or is intended to be used to facilitate, the commission of the offense.. Defendant further admits that he is the sole owner of the above-described assets.

Defendant acknowledges and agrees that the United States shall be entitled to forfeit "substitute assets" in accordance with 21 U.S.C. §853(p). Forfeiture of substitute assets shall not be deemed an alteration of Defendant's sentence.

Defendant agrees to assist the United States fully in the forfeiture of the above-described assets and to take whatever steps are deemed necessary by the United States to ensure that all forfeitable assets are turned over to the United States and that clear title thereto passes to the United States. Such steps shall include, but not be limited to, the execution of documents, and testimony on behalf of the United States in any judicial forfeiture proceeding regarding the Defendant's forfeitable assets. Defendant agrees not to file or interpose any claim, or to assist others to file or interpose any claim, to the above-described assets in any administrative or judicial proceeding.

Defendant knowingly and voluntarily waives his right to a jury trial on the forfeiture of the assets described herein. Defendant also knowingly and voluntarily waives the requirements of Rule 43(a) of the Federal Rules of Criminal Procedure with respect to the imposition of any forfeiture described herein. Defendant also knowingly and voluntarily waives all constitutional, legal, and equitable claims and/or defenses with respect to the forfeiture of assets, including those based upon 28 U.S.C. §§ 2465 and 2680(c), principles of double jeopardy, statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines. Defendant agrees that any forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States.

Defendant hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, in connection with the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section of the plea agreement.

9

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. **Payment of Mandatory Special Assessment**

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6. **Protection of Assets for Payment of Restitution, Forfeiture and Fine**

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

   (1) Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $5,000;

   (2) Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $3,000 per month.

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and/or restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7. **Waiver of Rights to Appeal and to Bring Collateral Challenge**

Defendant is aware that he has the right to challenge his sentence and guilty plea on direct appeal. Defendant is also

aware that he may, in some circumstances, be able to argue that his plea should be set aside, or his sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives his right to appeal or collaterally challenge:

(1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

(2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

(3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with regard to the application of the U.S. Sentencing Guidelines.

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

Defendant's waiver also shall not extend to an appeal or collateral challenge based solely on the argument that the District Court misunderstood the scope of its authority to depart from the applicable Sentencing Guidelines range, where the District Court states on the record at sentencing both its desire to depart and the basis on which it would depart if it had the legal authority to do so.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

11

8. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his financial condition.

10. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the FBI, IRS or other investigative agency to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

11. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of

the U.S. Attorney.

12. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated June 20, 2001 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Emily R. Schulman.

                Very truly yours,

                MICHAEL J. SULLIVAN
                United States Attorney

By: _____
       JAMES B. FARMER
       Assistant U.S. Attorney
       Chief,
       Criminal Division

       STEPHEN P. HEYMANN
       Assistant U.S. Attorney
       Deputy Chief,
       Criminal Division

       EMILY R. SCHULMAN
       KIMBERLY P. WEST
       Assistant U.S. Attorneys

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
ROMAN VALDMA
Defendant

Date: 8-3-04

I certify that Roman Valdma has read this Agreement in his and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
THOMAS BUTTERS, ESQ.
Attorney for Defendant

Date: 8-3-04

15