```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
                              )
         v.                   )    Criminal No. 03-10353-WGY
                              )
ROMAN VALDMA                  )
```

**UNITED STATES' MOTION FOR
<u>PRELIMINARY ORDER OF FORFEITURE</u>**

The United States of America, by its attorney, Michael J. Sullivan, United States Attorney for the District of Massachusetts, respectfully moves that this Court issue a Preliminary Order of Forfeiture in accordance with 21 U.S.C. §853, 18 U.S.C. §2253(o) and Rule 32.2 of the Federal Rules of Criminal Procedure. The United States sets forth the following grounds in support of the instant motion:

1.  On or about November 19, 2003, a 23-count indictment was returned in this District, charging the defendant, Roman Valdma with the following violations: Transportation for Illegal Sexual Activity (18 U.S.C. §2421); Persuading and Enticing Illegal Sexual Activity (18 U.S.C. §2422); Importation of Aliens for Immoral Purposes (8 U.S.C. §1328); Encouraging and Inducing Aliens to Come to the United States in Violation of Law (8 U.S.C. §1324); Bringing Aliens to the United States Without Official Authorization for Commercial Advantage (8 U.S.C. §1324(a)(2)(B)(ii)); Visa Fraud (18 U.S.C. §1546); and Causing and Aiding and Abetting (18 U.S.C. §2). The indictment also included four criminal forfeiture allegations

pursuant to 18 U.S.C. §981(a)(1)(C) (incorporating 18 U.S.C. §1956 and 18 U.S.C. §1961), 28 U.S.C. §2461, 18 U.S.C. §2253, 18 U.S.C. 982(a)(6)(a)(i) and (ii), and 18 U.S.C. 982(a)(6) and 8 U.S.C. §1324(b) and 28 U.S.C. §2461. These forfeiture allegations set forth assets that would be forfeitable upon conviction for the offenses in the indictment. These assets included:

    a.    $80,000 in United States currency;

    b.    One 2003 silver Acura model MDX bearing Massachusetts Registration number 59PV19, and Vehicle Identification Number 2HNYD18863H506272 which is registered to ROMAN VALDMA;

    c.    Real property described as follows: (i) 2 Larose Place, Apartment 25, Brighton, Massachusetts, as more fully described in the Deed of Florencia Maria Hito of the Two Larose Place Realty Trust dated August 1, 2001 and recorded in Suffolk Registry of Deeds, Book 26783, Page 22.

(Collectively "the Assets.")[1]

    2.    On or about August 2, 2004, the United States Attorney filed a 20-count Superseding Information, charging the Defendant with the following offenses: Importation of Aliens for Immoral purposes (8 U.S.C. §1328); Transportation for Illegal Sexual Activity (18 U.S.C. §2421); Persuading and Enticing Illegal Sexual Activity (18 U.S.C. §2422); Encouraging and Inducing Aliens to Come to the United States in Violation of Law (8 U.S.C. §1324); Bringing

---

[1] The Forfeiture Allegations of the Indictment and the Superseding Information also included a number of additional assets. These additional assets are not the subject of this motion or the proposed preliminary order of forfeiture.

Alien to the United States Without Official Authorization for Commercial Advantage (8 U.S.C. §1324(a)(2)(B)(ii)); Visa Fraud (18 U.S.C. §1546(a)); and Causing and Aiding and Abetting (18 U.S.C. §2).  The Superseding Information also included four criminal forfeiture allegations, pursuant to 18 U.S.C. §981(a)(1)(C) (incorporating 18 U.S.C. §1956 and 18 U.S.C. §1961), 28 U.S.C. §2461, 18 U.S.C. §2253, 18 U.S.C. 982(a)(6)(a)(i) and (ii), and 18 U.S.C. 982(a)(6) and 8 U.S.C. §1324(b) and 28 U.S.C. §2461. These forfeiture allegations set forth assets that would be forfeitable upon conviction for the offenses in the Superseding Information, including the Assets listed above.

    3.  On or about August 3, 2003, a change of plea hearing was held at which, pursuant to a plea agreement, Defendant pled guilty to the Superseding Information.  In the plea agreement, the Defendant agreed to the forfeiture, for the use and benefit of the United States, of all his right, title, and interest in the Assets listed above.  The defendant also agreed that United States would be entitled to forfeit "substitute assets," in accordance with 21 U.S.C. §853(p) and 18 U.S.C. §2253(o).

    4.  By virtue of Defendant's guilty plea and pursuant to 21 U.S.C. §853 and Rule 32.2 of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Assets, or substitute assets in a value up to the amount of the Assets.  See Rule 32.2(b)(2); 21 U.S.C. §853(p); 18 U.S.C. §2253(o); United States v. Candelaria-Silva, 166 F.3d 19, 41 (1st Cir. 1999).

WHEREFORE, the United States respectfully moves that this Court enter a Preliminary Order of Forfeiture in the form attached hereto.

                                          Respectfully submitted,

                                          Michael J. Sullivan
                                          United States Attorney

                          By:   /s/Emily R. Schulman
                                Emily R. Schulman
                                Kimberly P. West
                                Jennifer H. Zacks
                                Assistant U.S. Attorneys
                                One Courthouse Way
                                Boston, MA  02109
                                (617) 748-3100

Date: August 10, 2004

```
UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )
                            )
        v.                  )   Criminal No. 03-10353-WGY
                            )
ROMAN VALDMA                )
                            )
```

**PRELIMINARY ORDER OF FORFEITURE**

Young, C.J.:

WHEREAS, on or about August 2, 2004, the United States Attorney filed a 20-count Superseding Information, charging the Defendant with the following offenses: Importation of Aliens for Immoral purposes (8 U.S.C. §1328); Transportation for Illegal Sexual Activity (18 U.S.C. §2421); Persuading and Enticing Illegal Sexual Activity (18 U.S.C. §2422); Encouraging and Inducing Aliens to Come to the United States in Violation of Law (8 U.S.C. §1324); Bringing Alien to the United States Without Official Authorization for Commercial Advantage (8 U.S.C. §1324(a)(2)(B)(ii)); Visa Fraud (18 U.S.C. §1546(a)); and Causing and Aiding and Abetting (18 U.S.C. §2).

WHEREAS, The Superseding Information included four criminal forfeiture allegations, pursuant to 18 U.S.C. §981(a)(1)(C) (incorporating 18 U.S.C. §1956 and 18 U.S.C. §1961), 28 U.S.C. §2461, 18 U.S.C. §2253, 18 U.S.C. 982(a)(6)(a)(i) and (ii), and 18 U.S.C. 982(a)(6) and 8 U.S.C. §1324(b) and 28 U.S.C. §2461, and setting forth that would be forfeitable upon conviction for the offenses in the Superseding Information, including:

      a.    $80,000 in United States currency;

      b.    One 2003 silver Acura model MDX bearing Massachusetts Registration number 59PV19, and Vehicle Identification Number 2HNYD18863H506272 which is registered to ROMAN VALDMA;

      c.    Real property described as follows:

          (i) 2 Larose Place, Apartment 25, Brighton, Massachusetts, as more fully described in the Deed of Florencia Maria Hito of the Two Larose Place Realty Trust dated August 1, 2001 and recorded in Suffolk Registry of Deeds, Book 26783, Page 22.

(Collectively "the Assets.")

WHEREAS, on or about August 3, 2004, a change of plea hearing was held at which Defendant pled guilty to guilty to the Superseding Information;

WHEREAS, the Defendant admitted that the Assets listed above were subject to forfeiture and agreed to the forfeiture, for the use and benefit of the United States, of all his right, title, and interest in the Assets; and, in addition, the defendant also agreed that **United States** would be entitled to forfeit "substitute assets," in accordance with 21 U.S.C. §853(p) and 18 U.S.C. §2253(o);

NOW THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:

1.    As a result of the offenses alleged in the Superseding Information to which the Defendant has pled guilty, and pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, the Assets are subject to forfeiture to the United States.

2.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

Procedure, and based on the evidence in the record described above, the United States has established the requisite nexus between the Assets and the offenses to which the Defendant has pled guilty.

3. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture must become final as to the Defendant at the time of sentencing, and must be made a part of the sentence and included in the judgment.

4. Pursuant to 21 U.S.C. §853 (as incorporated by 18 U.S.C. §982), the United States Department of Homeland Security shall take all appropriate steps, pursuant to the applicable provisions of 21 U.S.C. §853, to seize, retain, forfeit, and dispose of the Assets, giving notice as required by law.

5. If, as a result of any act or omission of the Defendant, any of the Assets is unavailable for forfeiture, the United States is entitled to seek forfeiture of any other property of the Defendant, up to the value of such assets, pursuant to 21 U.S.C. §853(p) and 18 U.S.C. §2253(o).

6. Pursuant to 21 U.S.C. §853(n)(1), the United States Department of Homeland Security may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Assets that are the subject of this Preliminary Order of Forfeiture as a substitute for published notice as to those person so notified.

7. Pursuant to 21 U.S.C. §§853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Assets, shall within

thirty (30) days of the final publication of the notice or that person's receipt of direct written notice, whichever is earlier, must file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the property; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 21 U.S.C. §853(n)(7), following the Court's disposition of all petitions filed under this subsection, or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. §853(n)(2) for the filing of such petitions, the United States of America, United States Department of Homeland Security, shall have clear title to the Assets.

9. Upon adjudication of any third party interests, this Court will enter a final order in which all interests will be addressed.

10.   This Court shall retain jurisdiction to enforce this order and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

_____
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

Dated: