UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,       )
            Plaintiff,          )
                                )
      v.                        )   Criminal No. 03-10353-WGY
                                )
ROMAN VALDMA,                   )
            Defendant.          )

**FINAL ORDER OF FORFEITURE**

YOUNG, D.J.,

WHEREAS, on or about November 19, 2003, a 23-count Indictment was returned in this District, charging the defendant, Roman Valdma (the "Defendant" or "Valdma") with the following violations: Transportation for Illegal Sexual Activity (18 U.S.C. §2421); Persuading and Enticing Illegal Sexual Activity (18 U.S.C. §2422); Importation of Aliens for Immoral Purposes (8 U.S.C. §1328); Encouraging and Inducing Aliens to Come to the United States in Violation of Law (8 U.S.C. §1324); Bringing Aliens to the United States Without Official Authorization for Commercial Advantage (8 U.S.C. §1324(a)(2)(B)(ii)); Visa Fraud (18 U.S.C. §1546); and Causing and Aiding and Abetting (18 U.S.C. §2);

AND WHEREAS, the Indictment also included four criminal forfeiture allegations pursuant to 18 U.S.C. §981(a)(1)(C) (incorporating 18 U.S.C. §1956 and 18 U.S.C. §1961), 28 U.S.C. §2461, 18 U.S.C. §2253, 18 U.S.C. 982(a)(6)(a)(i) and (ii), and 18 U.S.C. 982(a)(6), and 8 U.S.C. §1324(b), and 28 U.S.C. §2461. These forfeiture allegations set forth assets that would be

forfeitable upon conviction for the offenses in the Indictment. These assets included:

    a.    $80,000 in United States currency;

    b.    One 2003 silver Acura model MDX bearing Massachusetts Registration number 59PV19, and Vehicle Identification Number 2HNYD18863H506272 which is registered to ROMAN VALDMA; and

    c.    Real property described as follows: (i) 2 Larose Place, Apartment 25, Brighton, Massachusetts, as more fully described in the Deed of Florencia Maria Hito of the Two Larose Place Realty Trust dated August 1, 2001 and recorded in Suffolk Registry of Deeds, Book 26783, Page 2,

(collectively "the Assets.")[1];

AND WHEREAS, on or about August 3, 2004, the United States Attorney filed a 20-count Superseding Information, charging the Defendant with the following offenses: Importation of Aliens for Immoral purposes (8 U.S.C. §1328); Transportation for Illegal Sexual Activity (18 U.S.C. §2421); Persuading and Enticing Illegal Sexual Activity (18 U.S.C. §2422); Encouraging and Inducing Aliens to Come to the United States in Violation of Law (8 U.S.C. §1324); Bringing Alien to the United States Without Official Authorization for Commercial Advantage (8 U.S.C. §1324(a)(2)(B)(ii)); Visa Fraud (18 U.S.C. §1546(a)); and Causing and Aiding and Abetting (18

---

[1] The Forfeiture Allegations of the Indictment and the Superseding Information also included a number of additional assets. These additional assets are not being forfeited in connection with the instant criminal case.

U.S.C. §2);

AND WHEREAS, the Superseding Information also included four criminal forfeiture allegations, pursuant to 18 U.S.C. §981(a)(1)(C) (incorporating 18 U.S.C. §1956 and 18 U.S.C. §1961), 28 U.S.C. §2461, 18 U.S.C. §2253, 18 U.S.C. 982(a)(6)(a)(i) and (ii), and 18 U.S.C. 982(a)(6) and 8 U.S.C. §1324(b) and 28 U.S.C. §2461. These forfeiture allegations set forth assets that would be forfeitable upon conviction for the offenses in the Superseding Information, including the Assets listed above;

AND WHEREAS, on or about August 3, 2003, a change of plea hearing was held at which, pursuant to a plea agreement, the Defendant pled guilty to the Superseding Information and agreed to the forfeiture, for the use and benefit of the United States, of all his right, title, and interest in the Assets listed above;

AND WHEREAS, pursuant to the plea agreement, the Defendant also agreed that United States would be entitled to forfeit "substitute assets," in accordance with 21 U.S.C. §853(p) and 18 U.S.C. §2253(o), should the named Assets not be available for forfeiture;

AND WHEREAS, on or about November 23, 2004, the Defendant was sentenced to forty-one (41) months incarceration and was ordered by the District Court to forfeit the Assets listed above;

AND WHEREAS, on or about August 21, 2004, this Court issued a Preliminary Order of Forfeiture, pursuant to the provisions of 21

3

U.S.C. §§853(a) and (p), as incorporated by 18 U.S.C. §982 and §2253(o), and Rule 32.2 of the Federal Rules of Criminal Procedure, against the Defendant's interests in the Assets;

AND WHEREAS, on or about February 22, 2005, March 1, 2005, and March 8, 2005, a Notice of Order of Forfeiture was published in the <u>Boston Herald</u> Newspaper pursuant to 21 U.S.C. §853(n), as incorporated by 18 U.S.C. §982;

AND WHEREAS, to date, no other claims of interest in the Assets have been filed with the Court and the time within which to do so has expired;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1. The United States' Motion for a Final Order of Forfeiture is allowed.

2. The United States of America, United States Department of Homeland Security, is now entitled to the forfeiture of all right, title or interest in the Assets and they are hereby forfeited to the United States of America pursuant to the provisions of 21 U.S.C. §853, as incorporated by 18 U.S.C. §982.

3. Any parties having any right, title or interest in the Assets are hereby held in default.

4. The United States Department of Homeland Security is hereby authorized to dispose of the Assets in accordance with applicable law.

5. Should any of the Assets not be available for forfeiture,

4

the United States is entitled to forfeit substitute assets in a value up to the amount of the Assets not available for forfeiture.

6. This Court shall retain jurisdiction to enforce this Order and to amend it as necessary pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

DONE AND ORDERED in Boston, Massachusetts, this __18TH__ day of ____May____, 2005.

Dated:

/s/ William G. Young
WILLIAM G. YOUNG
United States District Judge